Per Curiam.

The sale of the premises on execution,, not amounting to a satisfaction of the judgment, was not an extinguishment of the mortgage. The creditor who takes a mortgage to secure a debt by bond, or otherwise, has three remedies, either of which he is at liberty to pursue, and all of which he may pursue until his debt is satisfied. He may bring an action of debt upon the bond, or he may put himself in possession of the rents and profits of the land mortgaged by means of an ejectment, or he may foreclose the equity of redemption and sell the land to satisfy the debt. In this case the creditor sues on the bond and obtains judgment and execution, and the execution strictly reaches only to the remaining interest of the mortgagor in the land. It reaches only to the equity of redemption. That is all that was sold in the present case, and that was all the defendant meant to purchase; for at the time of the purchase he knew of the existence of the mortgage, and that it was unsatisfied, and he gave only the sum of 70 dollars for the land, though it had been mortgaged to secure above 700 dollars. This, then, is not a case in which the creditor’s pursuit of his remedy on the mortgage, works any injury or injustice to the purchaser under the previous execution, and it is a case in which the creditor would lose his security, and probably his debt, if the present remedy was denied him. There is good reason, arising out of the above facts, why the court should consider-this ease upon strict legal principles. Justice requires that it should be so considered, and it is not true that the plaintiff, by this remedy, is defeating the sale made under his direction, or that the salé was of the interest which had been pledged to him by the mortgage. The sale was Only of the residuum of interest remaining in the mortgagor after the execution of his mortgage. The mortgage interest is no further touched by the sale *489 rlian the purchase-money of the equity of redemption may go diminish the amount of the debt. The plaintiff is, accordingly, entitled to judgment. to
Judgment for the plaintiff