FENWICK *vs.* FLOYD's Lessee.—June, 1827.

There must be such a description of the land claimed in an action of eject-
ment, as will enable the sheriff to deliver possession after judgment.

A declaration claiming 251 acres, part of a tract of land called, &c. without
any description of the part claimed, and a writ of possession in conformi-
ty, are both defective.

The return of a sheriff to a writ of *fi. fa.* showing a levy on part of a tract
of land, without any description of such part, is defective, and a sale
under it passes no title.

In an ejectment by a purchaser under a sheriff's sale, *against the debtor*, who
refuses to give up the possession of the land, it is incumbent on the plain-
tiff to produce the judgment, and the *fieri facias*, and to prove the sale
of the land, which may be done, either by a deed from the sheriff, or a
return of the *fi. fa.* They are sufficient to entitle him to recover.

In the absence of a deed from the sheriff, and his return to the execution, a
memorandum in writing of the sale must be produced, to take the case
out of the Statute of Frauds

APPEAL from *Saint-Mary's* County Court. Ejectment "for
all that tract or parcel of plantable land, being *part of a tract
of land* called *Resurrection Manor,* lying and being in the
county aforesaid, containing 251 acres." The defendant, (now
appellant,) pleaded not guilty, and issue was joined.

At the trial the plaintiff read in evidence a certificate of sur-
vey of *Resurrection Manor,* made on the 24th of March 1650,
for *Thomas Cornwallis,* containing 4000 acres; also the re-
cord of a judgment rendered in *Saint-Mary's* county court
in March 1821, in an action brought by *Floyd,* the lessor of
the plaintiff below, against the appellant; and also of a *fieri
facias* issued on that judgment, and the sheriff's return there-
on, viz. "Laid as per schedule, and sold to *William Floyd*
for $616 30, the 16th of January 1821." The schedule re-
ferred to stated, that the land seized under the *fieri facias,* was
"*Part of Resurrection Manor,* containing 251 acres, more
or less," and appraised to $1000. The defendant then prayed
the court to instruct the jury, that the plaintiff was not entitled
to a verdict. But the Court, [*Key,* A. J.] was of opinion that
the plaintiff was entitled to recover, and instructed the jury to
find a verdict for the plaintiff. The defendant excepted; and
the verdict and judgment being against him, he appealed to
this court.

The cause was argued at the last June term, before BUCHAN-
AN, Ch. J. and EARLE, MARTIN, ARCHER, and DORSEY, J.

*C. Dorsey*, for the Appellant, contended, 1. That the certificate of survey, offered in evidence, was not sufficient evidence that the proprietary had parted with his title, without producing a grant of the land. 2. That the return of the sheriff to the writ of *fieri facias*, was void for uncertainty in the description of the land sold. On the *first point*, he cited *Plummer vs. Lane*, 4 *Harr. & M'Hen.* 72. *Hall vs. Giltings*, 1 *Harr. & Johns.* 120. On the *second point*, he cited *Shep. Touch.* 249. 3 *Bac. Ab.* 389, 392. 4 *Com. Dig.* 131. 1 *Phill. Evid.* 203. *Williamson vs. Perkins*, 1 *Harr. & Johns.* 449. *Fitzhugh vs. Hellen*, 3 *Harr. & Johns.* 206. *Barney vs. Patterson*, 6 *Harr. & Johns.* 204.

*Causin*, for the Appellee. 1. Where the plaintiff and defendant claim under the same title, it was unnecessary to offer a grant of the land in evidence. He cited 2 *Phill. Evid.* 203. *Ramsbottom vs. Buckhurst*, 2 *Maule & Selw.* 565. 2 *Starkie's Evid.* 521.

2. As to the return of the sheriff to the *fieri facias*, and his sale, &c. he cited *Boreing vs. Lemmon*, 5 *Harr. & Johns.* 225. *Barney vs. Patterson*, 6 *Harr. & Johns.* 204.

> *Curia adv. vult.*

MARTIN, J. at the present term, delivered the opinion of the Court. It is not necessary to go into a particular examination of the several alleged errors in this case, for the proceedings are erroneous almost from the commencement to the termination of them.

An action of ejectment is a remedy given to the party to obtain the possession of lands which are wrongfully detained from him, and as the sheriff, after judgment, is to deliver the possession of the lands recovered, there must be such a description of them, as will enable him to effect that purpose.

This ejectment was instituted to recover 251 acres, part of a large tract of land called *Resurrection Manor*. By the certificate of survey it appears, that tract contains 4000 acres, and by the judgment in this case, *it would seem*, the plaintiff is entitled to 251 acres, part of that tract; but whether *that part* is to be located on the north, south, east or west side of the whole tract, is left in perfect uncertainty.

The declaration claims 251 acres, part of a large tract of land, without any description of the part claimed; the return to the *fieri facias*, relied on as evidence of title, is equally defective; it is for 251 acres, *Part of Resurrection Manor*, valued at $1000, without any metes or bounds, or other description, by which its location could be established. It has been contended, that this ejectment was brought to recover, not a *part* of the tract called *Resurrection Manor*; but for a *whole* tract that was called *Part of Resurrection Manor*; this is evidently a mistake. If we are to judge of the plaintiff's intention by his declaration, it is clear he claimed not a *whole* tract, but only a *part*. He describes it, not as a tract *called* "part of a tract," but as a tract of plantable land, *being* part of a tract called *Resurrection Manor*. This is apparent from the testimony offered at the trial—the certificate of survey, not of a tract *called part* of a tract, containing 251 acres, but of *Resurrection Manor*, containing 4000 acres; and it must be conceded, the certificate of one tract of land cannot be competent evidence to support an action for a different tract. The return to the *fieri facias*, under which he claims title, is also conclusive upon this subject. The sheriff sold, not a *whole* tract, but as he expressly states, *Part of Resurrection Manor*, and this return, (if the lands had been properly described in it,) could be only offered as evidence of title to such lands as were sold by him. If a writ of possession had been issued on this judgment, what part of the original tract could the sheriff deliver to the plaintiff under it? He must deliver 251 acres, but neither the writ of possession, the judgment, the return to the *fieri facias*, nor any other part of the proceedings, would enable him to make a location of them. It would be a vain and nugatory command that could not be executed.

The court do not mean to intimate that it was necessary in this case for the plaintiff to deduce a regular title from the patentee. In an ejectment, by a purchaser under a sheriff's sale, against the debtor, who refuses to give up the possession of the land, it is incumbent on the plaintiff to produce the judgment, the *fieri facias*; and to prove the sale of the land, which may be done either by a deed from the sheriff, or a return to the *fieri facias*; and if these proceedings are correct, they are suffi-

cient to entitle him to recover. In the absence of a deed from the sheriff, and his return to the execution, a memorandum, in writing, of the sale, must be produced to take the case out of the Statute of Frauds.

JUDGMENT REVERSED.