Bland, Chancellor.
This case standing ready for hearing on the demurrers of Faner and others, and the solicitors of the parties having been fully heard, the proceedings were read and considered.
*680 These defendants, by this form of defence, put it to the court to determine, admitting every fact and circumstance to be true, as staled, whether they ought to be compelled to answer the bill or not. The cause shewn for thus demurring, would seem to amount to a disclaimer; but a disclaimer is never made in this way, or received in this equivocal shape. It should be, in all respects, full and explicit, and accompanied by an answer denying such facts as it may be necessary to deny, in order to make it effectual; because, in all such cases, where the defendant is subject to no liability, which he cannot disclaim, (a) it at once puts an end to the case, without asking for the judgment of the court, as by a demurrer, upon the plaintiff’s right to such an answer as he calls for by his bill. These demurrers, it is evident, cannot be treated as disclaimers, merely because of the cause thus loosely shewn for relying on them. The case, as stated by the bill, must, therefore, be carefully considered to ascertain whether or not these persons have been properly made defendants; because of their having an interest in the object of the suit; or because of their being in any way liable to be called here as defendants.
All persons having an interest in the object of the suit, ought to be made parties; but it is often difficult at once to determine, who do come within this general description. Much must always depend upon the peculiar nature of the case; and how it may terminate. If the court itself sees that a person whose interests must be involved in a decree, which it may be called on to pass, has not been made a party to the suit, it will, even at the hearing, suspend its proceedings until he has been brought in as a party. And it lies upon the plaintiff to shew, that in some way in which the suit may terminate, it is necessary for his advantage or- protection, that the person who he has summoned as a defendant should be made a party. (b)
These persons may have been rightfully called here as defendants on one of three grounds; either, because of some beneficial interest to which they are entitled, arising out of the nature of their ancestor’s contract, and the manner in which it has been partially enforced; or they may have been correctly brought here as defendants, because of their power to draw in question the title of the present claimant of this equity of redemption; and of its therefore *681 being fit and proper, for the peace of all concerned, that their power to do so should be spread upon a record to which they are parties, in order that the matter may be finally put to rest; or they may have been justly made defendants, in order to draw from them a discovery as to some particulars, material to the relief sought by the plaintiff, as to which they could not be made to speak as witnesses; because of their not being totally, and in all respects, disinterested.
As to the first ground; the present interests of these defendants. It must be recollected, that there existed, before the payment of any part of this debt, two entirely distinct interests in this land. The equity of redemption held by the mortgagor; and the legal right of the mortgagee, subject to that equity. By the sheriff’s sale, as stated in the bill, the first of those interests was disposed of, and nothing more. But the proceeds of that sale, to the extent of $68 43, have been so applied, as in part only, to extinguish the legal right of the mortgagee; and thus, a third interest has arisen out of the manner in which the two first have been dealt with. To whose benefit shall that extinguishment enure ? The purchaser with notice, as in this instance, at the sheriff’s sale, bought and paid for nothing more than the naked equity of redemption; hence, it is clear, that if he were allowed to take advantage of that,' as a total reduction of the incumbrance, he would derive a benefit, for which he had paid nothing, nor given any equivalent whatever, which cannot be admitted. It follows, therefore, that the mortgagor must, at the hearing, or before this case is finally disposed of, be permitted to take the place of the mortgagee to obtain reimbursement, so far as his interest, other than the mortgaged property, may have been taken and applied to the reduction and partial satisfaction of this incumbrance. How such an adjustment is to be made, need not now be determined, as it is a matter which may well be permitted to stand over for further consideration. But to the extent of the reduction of this incumbrance made by the payment of the $68 43, raised by a sale of the mortgagor’s interest, it is perfectly clear, that the mortgagor is a proper and necessary party, (c)
In regard to the second ground. The equity of redemption, and the manner in which it has been sold. In England, it has been held, that where the mortgagor has been declared a bankrupt, *682 a bill of foreclosure should be brought against his assignees alone, without making him a party. This exemption of the bankrupt from being called on as a party, is, however, expressly founded upon the fact of his whole estate having been vested in his assignees ; and of a bill of foreclosure being limited in its nature to the obtaining of satisfaction from a particular fund, in which he had been deprived of all manner of interest by a legal assignment, which he could in no way invalidate, deny, or question; and also, upon the ground-, that in no event, nor by any form of decree, could the proceedings in that suit be applied for the benefit of the bankrupt; or be so used, as to make him liable for any thing, or to any amount. For it is admitted, that if such a bill sets forth any kind of actual interest in the bankrupt, which should be bound by the decree, it will be necessary to make him a party to the suit to foreclose. (d)
But here the mortgagor is not a bankrupt, nor in the condition of bankrupt; nor in the similar situation, according to our law, of an insolvent debtor, whose whole estate had been vested in a trustee for the benefit of his creditors. There has been nothing stated, nor as yet shewn, by which it appears, that, as in cases of bankruptcy or insolvency, he has been exonerated and discharged from all liability for this debt; so, that if the mortgaged estate should not, of itself, produce a complete satisfaction in the way in which the plaintiff has a right to have it disposed of, the mortgagor could not be called upon to pay the deficiency. (e) ' On the contrary, instead of the mortgagor’s having been divested of his estate by an assignment which he cannot controvert, and so as to leave him in no way liable; his equity of redemption alone, has been taken in execution and sold; the fact and validity of which sale he may deny, and put in issue by an action of ejectment, or by a suit in equity of this kind, involving a decision upon the right, (f) Hence, it is essentially necessary, that this questionable title to the equity of redemption, as derived from the judicial sale, should be entirely put to rest by calling before the court, as *683 well the mortgagor, as him who claims as the purchaser, at that judicial sale.
As to the third ground: an account of the mortgage debt, and the discovery in relation to it, to which the mortgagee may be entitled. It is true, that under a bill to foreclose, the court cannot, after causing the mortgaged property to be sold, and the proceeds of such sale to be applied in satisfaction of the debt, go on to decree, that the mortgagor shall pay the balance remaining unsatisfied, by the proceeds of such sale. But although it cannot so decree, and by its own process enforce complete satisfaction by any further proceedings under the same bill, after the mortgaged fund has been exhausted; (g) yet it can, and must have an account stated, to ascertain the exact amount of the mortgaged debt, before a sale can be ordered, or at least, before it can make any application of the proceeds of the sale of the mortgaged estate. In the stating of such an account, the mortgagor has a direct interest ; because it fixes the amount of his indebtedness; and the mortgagee also has an interest in it, and in the discovery in relation to it, which may be drawn from the mortgagor; because, in so far as the mortgaged property fails to produce satisfaction of the amount so shewn, the mortgagee may again have recourse to his judgment at law, or avail himself of any other proceeding, either at common law or in equity, to enforce payment of such unsatisfied balance; and therefore, upon this third ground also, it is proper that the mortgagor should be made a party defendant to this suit.
I have spoken of the rights and liabilities of the mortgagor, and of the grounds upon which he should have been made a party to this suit, supposing him to be now alive. He is dead; but the same principles apply with equal force to his heirs ; they stand in his place to the extent of his interest in the mortgaged estate, whatever it may be; and they have succeeded to his liability for the debt so far as real assets may have descended to them; and that too, according to our law, whether it be considered as a simple contract or specialty debt; so that if the mortgaged fund should turn out to be insufficient, the plaintiff may apply to amend the bill by making it a bill in behalf of herself and the other creditors of the intestate Robert Lee, and thereby come at the assets so descended ; (h) and for aught that appears, there may be abundance *684 in their hands to satisfy the whole of this claim should the mortgaged property be found deficient.
These heirs then, are properly here in respect to an interest which enures to them by reason of the application of the proceeds of the sale of the equity of redemption to the extinguishment of the incumbrance; and also in regard to the title to the equity of redemption itself which may here, or otherwise be drawn in question by them; and morever for the purpose of having an account taken of the mortgaged debt; and of making discoveries in relation to it; and therefore I shall over-rule their demurrers.
It is not necessary to make the personal representative of the mortgagor a party to a bill to foreclose, or to sell; because the plaintiff need only make him a party who holds the equity; and the mortgagee is not bound to intermeddle with the personal estate, or to run into an account of it; and if the heir would have the benefit of any payment made by the mortgagor or his executor or administrator, he must prove it. (i) This plaintiff could not, therefore, have been required to slate, as she has done in her bill, or to prove, that no letters testamentary or of administration had been granted of the personal estate of Robert Lee, deceased, the mortgagor ; and consequently, that allegation of the bill may be passed over as mere surplusage.
But this is a bill by the administratrix of the mortgagee to obtain payment of the debt, as she specially prays, by a sale of the mortgaged estate; and the suit may terminate in a redemption-; in a mere foreclosure; or in a sale of the mortgaged property. From the nature of the case therefore, it is indispensably necessary, that all persons should be made parties to it whose rights may be involved by either of those alternatives; or who may be called on to execute a conveyance; or who should be bound by a decree terminating in either of those modes, in favour of a purchaser under a decree for a sale, or in any óthér way.
It has always been held, that upon the death of the mortgagee, his heir cannot be allowed to exhibit a bill to foreclose without making his executor or administrator also a party, who may have a right to the mortgage money ; (j) and it is now settled, on the other hand, that, in such case, the executor or administrator of the mortgagee cannot alone bring a bill to foreclose without making *685 the heir a party ; because, if the mortgagor should redeem, there would be no one before the court by whom an effectual conveyance of the legal estate could be made. (k) According to the course of the court, under a bill to foreclose, the mortgagor must, by the decree, be allowed time to come in and redeem; and he can only be foreclosed, or the mortgaged property ordered to be sold, on his failing to do so, within the specified time. If he should pay the whole mortgaged debt with interest and costs as required, then, in all cases now, and according to the express terms of the older decrees, he will be entitled to have the legal estate re-conveyed to him. (l) But, in this case, those heirs of Thomas Worthington, deceased, who hold that estate, and who alone could make such a re-conveyance; and whose rights, in that respect, ought to be bound by any decree which may be passed for a sale in favour of purchasers and others, have not been made parties to this suit. This case must therefore stand over, with leave so to amend as to have them brought in as parties.
Whereupon it is Ordered, that the demurrer of the defendants John Faner and Mary his wife, and Joshua Lee be and the same is hereby over-ruled; and they are hereby required to make answer to the said bill of complaint; and it is further Ordered, that the said defendants pay to the plaintiff the sum of £5 current money and the costs of the demurrer to be taxed by the register; and be in contempt until the said sum of money and costs be fully discharged and paid.
And it is further Ordered, that the demurrer of the defendants Independence Houck and Matilda his wife, be, and the same is hereby over-ruled, and they are hereby required to make answer to the ■said bill of complaint; and it is further Ordered, that the said defendants pay to the plaintiff the sum of £5 current money and the costs of the demurrer to be taxed by the register; and be in contempt until the said sum of money and costs be fully discharged and paid.
And it is further Ordered, that this case stand over with leave so to amend as to make the heirs of the mortgagee, Thomas Worthington, plaintiffs or parties to this suit, (m)

 Glassington v. Thwaites, 3 Cond. Cha. Rep. 197.

 Calvert on Parties, 10; Lloyd v. Lander, 5 Mad. 289.

 Jackson v. Hull, 10 John. Rep. 481; Tice v. Annin, 2 John. Ca. Ch. 125.

 Griffin v. Archer, 2 Anstr. 478; Benfield v. Solomons, 9 Ves. 77; Whitworth v. Davis, 1 Ves. & Bea. 545; Lloyd v. Lander, 5 Mad. 282 ; Collins v. Shirley, 4 Cond. Cha. Rep. 592.

 Collet v. Wollaston, 3 Bro. C. C. 228; 1805, ch. 11O; 1808, ch. 71; 1812, ch. 77.

 Morgan v. Davis, 2 H. & McH. 9; West v. Hughes, 1 H. & J. 6; Purl v. Duvall, 5 H. & J. 77; Barney v. Patterson, 6 H. & J. 204; Fenwick v. Floyd, 1 H. & G. 172.

 Andrews v. Scotton, ante 668.

 Brocklehurst v. Jessop, 10 Cond. Cha. Rep. 136.

 Powel Mortg. 968.

 Freak v. Hearsey, 1 Cha. Ca. 51; S. C. 2 Freem. 180; S. C. Nelson, 93.

 Powel Mortg. 970 ; Wood v. Williams, 4 Mad. 185; Morgan v. Davis, 2 H. & McH. 16.

 Hunter v. Guant, ante 667.

 Since the passing of this order it has been declared, that where any conveyance of any freehold estate by way of mortgage to secure the payment of any debt has been executed, and the mortgagee shall depart this life, the receipt of his execu *686 tor or administrator in full acknowledged and recorded in manner and time as prescribed for acknowledging and recording conveyances of lands by way of mortgage, shall have the same effect as a release to the grantor. 1833, ch. 181, s. 1. And moreover, that it shall not be necessary in any cause of foreclosure or sale of mortgaged property, to make the heirs of the mortgagee parties to'tile same ; but that any decree upon any bill for foreclosure er sale aforesaid, filed by the executor or administrator of the mortgagee, shall have the same effect as if the said heirs were parties as aforesaid. 1833, ch. 283.
How far these acts of assembly may have made any material change in the nature of the estate of the heirs of the mortgagee; and their right to have a foreclosure in opposition to the claims of the widow and next of kin upon the fund considered as personalty gathered into the hands of the executor or administrator; or in what manner they operate upon the interests of his heirs or devisees in general; or upon any such peculiar interest as has arisen in this case ; or upon the title of a purchaser under a decree for a sale, remains to be determined. For it may be made a question, how far the general assembly can, constitutionally, change the nature of an estate, or dispense with the presence of any one as a party to a suit so as,'in effect, to deprive him of his property; or to divest him, arbitrarily, and without compensation, of any pecuniary advantage to which, according to the confessedly legal terms of his contract, he would be entitled. According to the law, as well settled before and at the time when these acts were passed, the mortgagor could not recover in ejectment unless he proved, that the mortgage had been satisfied previous to tlie bringing of his action j or there was a sufficient foundation to presume such a re-conveyance as extinguished the mortgage. Powell Mortg. 397; Beal v. Harwood, 2 H. & J. 172. But satisfaction must be shewn by deed or the presumption of a deed; otherwise a legal title might, contrary to the spirit of the law, rest on mere parol proof not recorded, nor sanctioned by circumstances and lapse of time. The proceedings in equity are properly conclusive against the executor or administrator; but upon what principle can they be made to operate against the holder of the legal estate who is no party to them ? Moore v. Plymouth, 5 Com. Law Rep. 232.