THE FIRST NATIONAL BANK AND TRUST COMPANY OF WALTON, Respondent, *v.* SOLOMON EISENROD, Appellant.

Third Department, January 7, 1942.

*April & Eisenrod* [*Nathan April* of counsel], for the appellant.

*Arthur E. Conner* [*Paul F. Eaton* of counsel], for the respondent.

FOSTER, J. Plaintiff has a summary judgment upon a bond which was executed and delivered to plaintiff by the defendant on January 15, 1940, together with a mortgage on real property as collateral security for the payment thereof. All of the covenants and agreements contained in the mortgage were made by reference a part of the bond. The action by plaintiff was brought upon

the bond alone for failure to pay principal and interest as provided therein and for failure to pay taxes on the property covered by the mortgage and to keep such property insured.

Defendant set up two defenses: *First*, that after the execution and delivery of the bond and mortgage he conveyed the property to grantees who took the same subject to the mortgage and assumed the payment thereof; that by reason of this fact he acquired merely the status of a surety; that the property became the primary obligor and that plaintiff should have first resorted to foreclosure proceedings against it. *Second*, that the fair and reasonable market value of the property was more than sufficient to offset the amount due on the bond. Upon these issues defendant moved for summary judgment and plaintiff countered with a similar motion. Judgment was rendered in favor of the plaintiff.

It has long been an accepted common-law principle that the holder of a bond and mortgage may proceed at law to recover on the bond or he may proceed in equity to foreclose the mortgage. (*Jackson ex dem. Ireland* v. *Hull*, 10 Johns. 481; *Jones* v. *Conde*, 6 Johns. Ch. 77; *Elder* v. *Rouse*, 15 Wend. 218; *Dudley* v. *Congregation, etc., of St. Francis*, 138 N. Y. 451; *General Investment Co.* v. *Interborough Rapid Transit Co.*, 200 App. Div. 794; affd., 235 N. Y. 133.)

These alternative remedies persist unless restrained by statute. (*Kress* v. *Central Trust Co. of Rochester, N. Y.*, 246 App. Div. 76; affd., 272 N. Y. 629.) Resort to both at the same time is restrained by the statute unless leave of the court is obtained. (Civ. Prac. Act, § 1078.) The moratorium statutes, however, do not apply since the bond and mortgage in question were executed after July 1, 1932. (*Decker* v. *Dutcher*, 247 App. Div. 689.)

Defendant does not deny that plaintiff would have had the choice of suing on the bond or foreclosing the mortgage if he had not conveyed the premises subject to a mortgage. His first defense, therefore, necessarily rests upon the contention that such conveyance destroyed plaintiff's choice. This proposition finds no support in original reasoning or by way of authority. Why should a debtor, upon his own initiative alone, have the power to destroy his creditor's choice of remedies and in effect change the basic nature of the relationship? It has been flatly and authoritatively stated to the contrary that no act on the part of a mortgagor, such as a conveyance to a third party subject to the mortgage, can affect the right of the mortgagee to proceed upon the bond, or compel him to resort in the first instance to the land. (*Calvo* v. *Davies*, 73 N. Y. 211; *Marshall* v. *Davies*, 78 id. 414.) The principle of suretyship which defendant urges is limited to the rule

that after a conveyance is made by the mortgagor, and the mortgagee has notice of it, the latter may not release the land, extend the terms of payment or do any other act to the prejudice of the mortgagor. The reason for this rule is simply to protect the mortgagor's right of recourse to the land in the event he has to pay the bond, for in that event he would be subrogated to the rights of the mortgagee. The cases cited by defendant hold nothing to the contrary, and the rule does not affect the mortgagee's right to bring an action on the bond in the first instance if he so chooses.

Defendant concedes that, if taken literally, the moratorium statutes do not apply to this action because the bond was executed after July 1, 1932. He invokes, however, what he calls the legislative intent as exhibited by the amendments to section 1083* of the Civil Practice Act in 1938, and draws the conclusion that if the letter of the moratorium statutes has not been violated the legislative intent behind their enactment has, nevertheless, been contravened. Section 1083 of the Civil Practice Act places a limitation upon deficiency judgments as to all mortgages, whether executed before or after July 1, 1932. It prescribes a uniform procedure with relation to such judgments, but, as its language indicates, it applies only to actions for the foreclosure of a mortgage. Under this section had the plaintiff foreclosed the mortgage the defendant would only have been liable for a deficiency judgment to the extent of the difference in value between the debt, plus interest and costs, and the market value of the property as determined by the court, or the sale price of the property, whichever was the higher. This section, however, does not apply to an action on a bond such as the plaintiff brought. Defendant complains that he has been deprived of the benefit of this section and of an alleged public policy underlying it to the effect that no personal liability shall be adjudged against the obligor upon a bond secured by a real estate mortgage except for the difference between the amount of the debt and the fair and reasonable market value of the property. The answer to this claim, we think, lies in the fact that when defendant is required to pay the bond he is subrogated to the rights of the plaintiff in the mortgage. He can foreclose the mortgage and take whatever risk there may be incident to the procedure dictated by section 1083 of the Civil Practice Act, We find no injustice in the requirement that he rather than the creditor should take the risk.

The judgment should be affirmed.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Judgment affirmed, with costs.

---

* Laws of 1938, chap. 510.— [REP.