DRY DOCK SAVINGS INSTITUTION, Plaintiff, *v.* 106–108 RIDGE STREET CORPORATION, Defendant.

Supreme Court, Special Term, New York County, November 7, 1946.

*Joseph Lew* for plaintiff.

*Davis Polk Wardwell Sunderland & Kiendl* for defendant.

McNALLY, J. Plaintiff moves for summary judgment in its favor in an action upon a bond reduced by principal payments to $18,150. Recovery is also sought of unpaid interest, and of $20 representing an insurance premium paid by plaintiff upon defendant's failure to do so. Concededly, the amounts sued for are due to the plaintiff under the terms of the bond and of the mortgage given to secure it. The only question presented is whether the defendant is entitled to set off the fair and reasonable market value of the mortgaged property after deducting the amounts owing on prior liens or incumbrances. The answer consists only of a defense to the effect that the mortgaged premises have a fair and reasonable market value, over and above prior liens or incumbrances, of at least $20,000.

The bond and mortgage involved in the present action were executed and delivered on July 18, 1934. Sections 1083-a and 1083-b of the Civil Practice Act have no application to bonds or mortgages made after July 1, 1932, in view of the provisions

of section 4 of chapter 794 of the Laws of 1933 (*Decker* v. *Dutcher*, 247 App. Div. 689; *First National Bank & Trust Co. of Walton* v. *Eisenrod*, 263 App. Div. 227). Section 1083 of the Civil Practice Act, as amended in 1938 (L. 1938, ch. 510), does place a limitation on deficiency judgments as to all mortgages, whether executed before or after July 1, 1932, but it is clear from the language of the section that it applies only to actions for the foreclosure of a mortgage, and not to an action for a money judgment on the bond itself (*First National Bank & Trust Co. of Walton* v. *Eisenrod, supra; Bankers Trust Co.* v. *Fuller*, 37 N. Y. S. 2d 536). No provision is to be found in the Civil Practice Act for setting off the fair and reasonable market value of mortgaged property in an action upon the bond, except section 1083-b, which relates solely to bonds and mortgages executed prior to July 1, 1932. The fact that the Legislature saw fit to limit the liability of the obligor upon a bond secured by a real estate mortgage, *where the obligee resorts to foreclosure in order to obtain the benefits of the security,* does not inevitably lead to the conclusion that it intended to subject an obligee suing for a money judgment on the bond itself to a setoff of the fair and reasonable value of the mortgaged premises. Real estate conditions which produce a marked disparity between the price obtained upon foreclosure sales and the fair and reasonable value of the mortgaged property might well require the imposition of limitations in connection with the entry of deficiency judgments, without necessarily requiring any curtailment of the obligee's right to sue for a money judgment upon the bond unaccompanied by any resort to foreclosure of the mortgaged property securing it. The obligor may possess sufficient funds or other assets to satisfy the judgment obtained upon the bond, in which event the failure of foreclosure sales to realize the true and fair value of mortgaged property might well be thought immaterial to the plaintiff's right to recover a money judgment. In this connection, attention should be called to the provision of section 1077 of the Civil Practice Act that where final judgment for a plaintiff has been rendered in an action to recover any part of the mortgage debt, an action to foreclose the mortgage shall not be commenced unless an execution against the property of the defendant has been returned wholly or partly unsatisfied.

On the basis of the authorities above referred to and the absence of a provision permitting the attempted setoff, the court is constrained to grant the motion for summary judgment. Motion granted. Settle order.