John E. Cone, J.
In a mortgage foreclosure action the defendant owners of the mortgaged premises (hereinafter referred to as “defendant”) move for summary judgment dismissing the complaint under rule 113 of the Rules of Civil Practice. Plaintiff cross-moves for summary judgment.
According to the allegations of the complaint, plaintiff exercised an option, a right accorded him under the mortgage terms, to accelerate payment of the principal balance upon default in the payment of two monthly installments of principal and interest which were due on June 1, 1961, and July 1, 1961, respectively.
Defendant alleges in an affidavit by its accountant that the June 1 payment was posted at 4:30 p.m. on June 11, 1961 in the mail box in front of the Blythborne Station on 13th Avenue, between 56th and 57th Streets, Brooklyn, N. T. Plaintiff submits an envelope postmarked at 2:00 p.m. on June 12,1961 and states that the payment was not received until the following morning, June 13.
According to both parties June 12 was the last day on which the June 1 payment could timely be made. Plaintiff claims he exercised his option to accelerate payment, by certified mail posted after the close of business at 5:00 p.m. on June 12,1961. *747 Defendant challenges the validity of plaintiff’s alleged exercise of the option on the ground that it was made prematurely.
It is well established that the full amount of the mortgage does not fall due simply because an installment is not paid within the grace period. (Real Property Law, § 254, subds. 2, 3; 446 West 44th St. v. Riverland Holding Corp., 267 App. Div. 135.) It is clearly essential that there be some unequivocal act by the mortgagee manifesting election to exercise his option to accelerate. Of course such election must be made after the default occurs. The defendant herein had the entire day of June 12, 1961, and until midnight of that day, to make its payment. This means that in this instance the election to accelerate must be evidenced by some unequivocal act of the mortgagee done on or after June 13, 1961. The certified letter posted on June 12, 1961, hereinbefore referred to, had no effect whatever, for at that time the grace period had not expired. (Dale Holding Corp. v. Dale Gardens, 186 Misc. 940.)
There is no evidence that at the moment when the envelope containing defendant’s check was delivered to plaintiff there had been any effectual election on the part of the plaintiff to declare the full amount due. Until there was such an election the defendant had the right to make good its default. (446 West 44th St. v. Riverland Holding Corp., supra.)
The evidence also shows that the July 1 payment was timely made to the agent whom plaintiff had designated for that purpose and that said payment was returned. Defendant ought not be placed in the precarious position of having the mortgage foreclosed by plaintiff’s refusal to accept the payments due on the mortgage since an effectual election on the part of the plaintiff to declare the full amount due had not been made.
Judgment for the defendant on the merits without costs. Plaintiff’s motion accordingly is denied.