RONALD CRACCO, Respondent, v ULYSSES G. COX et al., Defendants; UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE, FARM HOME ADMINISTRATION, Appellant. (And Another Action.)

Fourth Department, February 28, 1979

## APPEARANCES OF COUNSEL

*George H. Lowe, United States Attorney (Joseph R. Mathews* of counsel), for appellant.

*Sheldon G. Kall* for respondent.

OPINION OF THE COURT

HANCOCK, JR., J.

The sole issue before us is whether the United States' right to foreclose a real estate mortgage given to secure a promissory note is barred by section 2415 of title 28 of the United States Code, entitled "Time for commencing actions brought by the United States," which in subdivision (a) imposes a six-year Statute of Limitations on "every action for money damages brought by the United States * * * founded upon any contract express or implied in law or fact".

On March 18, 1965 the United States of America through its agent Farmers Home Administration loaned $20,500 to Harry G. Vanderwalker and Ann D. Vanderwalker, his wife, and received from them an executed promissory note secured by a first mortgage on real property. No payment was ever made on this debt. The Vanderwalkers gave a second mortgage to Ulysses G. Cox, Louise F. Cox and Gerald R. Cox, who, in 1972, upon default by the Vanderwalkers, obtained a referee's deed pursuant to a judgment of foreclosure. The 1970 taxes were not paid and on May 31, 1973 plaintiff, his attorney Sheldon Kall, and Gerald R. Cox purchased tax sale certificates for the property from the Treasurer of the County of Cayuga. Kall and Cox subsequently assigned their interests to plaintiff who on December 30, 1974 received deeds to the property from the County Treasurer.

In June, 1977 plaintiff commenced this action to quiet title under article 15 of Real Property Actions and Proceedings Law. Defendants Cox have not appeared. The United States interposed an answer setting forth as an affirmative defense its mortgage interest in the property.

Special Term granted summary judgment in favor of plaintiff declaring him to be sole owner in fee of the subject premises free and clear of the lien of the mortgage given by the Vanderwalkers to the Farmers Home Administration. The court concluded that the United States' right to foreclose its mortgage was a claim of right to money damages on the note and was therefore barred[1] by the six-year Statute of Limita-

---

1. Pursuant to subdivision (g) of section 2415, "[a]ny right of action subject to the provisions of this section which accrued prior to the date of enactment of this Act shall, for purposes of this section, be deemed to have accrued on [July 18, 1966] the date of enactment of this Act." Because the Vanderwalkers never paid any of the installments under the note, which was dated March 18, 1965, they were immediately in default. The right of the United States to foreclose, if governed by section 2415,

tions in title 28 (§ 2451, subd [a]) of the United States Code, which states in part: "[E]very *action for money damages brought by the United States* or an officer or agency thereof *which is founded upon any contract express or implied in law or fact,* shall be barred unless the complaint is filed within six years after the right of action accrues" (emphasis added).

■ We hold that title 28 (§ 2415, subd [a]) of the United States Code does not govern the right to bring a foreclosure action. It is a long-standing rule that the right to foreclose a mortgage securing a debt is distinct from the right to bring an action for money damages on the note or bond representing the debt. Congress recognized and preserved this distinction and intended that section 2415 apply only to actions for money damages.

Federal and New York case law establishes that the right to foreclose a mortgage lien on property given to secure a debt which has not been discharged exists independently of the right to bring an action for money damages on the note and that, under common law, the holder of a note and mortgage may proceed either at law to recover on the bond or in equity to foreclose the mortgage *(Ober v Gallagher,* 93 US 199; *Gilman v Illinois & Miss. Tel. Co.,* 91 US 603; *Seamen's Bank for Sav. v Smadbeck,* 293 NY 91; *First Nat. Bank & Trust Co. of Walton v Eisenrod,* 263 App Div 227, 228; 38 NY Jur, Mortgages and Deeds of Trust, § 293). Indeed, the right to foreclose survives when an action on the debt is barred by the Statute of Limitations *(Union Bank of La. v Stafford,* 53 US 327, 340-341; *Hulbert v Clark,* 128 NY 295; see 2 Glenn, Mortgages [1943], § 141; 1 Wiltsie, Mortgage Foreclosure [5th ed, 1939], § 73; cf. *Evans v Pike,* 118 US 241, 246). In *Hulbert v Clark (supra,* p 298), the court stated: "The mortgage was given to secure payment of the notes, and until they are paid the mortgage is a subsisting security and can be foreclosed. * * * It is a general rule recognized in this country and in England that when the security for a debt is a lien on property, personal or real, the lien is not impaired because the remedy at law for the recovery of the debt is barred."

The State Legislature, at the time of the *Hulbert* case, had recognized the difference between the two types of action by providing different limitation periods for each. The limitation

would have been barred six years after enactment of that section, or July 18, 1972. Plaintiff's action was not commenced until June 20, 1977, and the United States' answer was interposed on August 8, 1977.

period applicable to mortgages was the 20-year period for actions upon sealed instruments found in the Code of Civil Procedure (§ 381). An action on a note was governed by the Code of Civil Procedure (§ 382), which allowed six years for an action upon a contract. The present CPLR 213, while imposing a six-year limitation period for both types of actions, preserves the distinction between them by providing separately for contract actions (CPLR 213, subd 2) and for mortgage foreclosure actions (CPLR 213, subd 4).[2]

■■ It is evident that Congress was aware of the difference between an action in equity to foreclose a mortgage and an action at law for money damages, and intentionally incorporated the distinction into the statutory scheme of chapter 161 of title 28 of the United States Code, entitled, "United States as a party generally." That Congress intended title 28 (§ 2415, subd [a]) of the United States Code to apply only to actions "for money damages brought by the United States" and not to foreclosure actions is seen in the legislative history of that section (Senate Report No. 1328, 89th Cong, 2d Sess 2 [1966]; reprinted in US Code Cong & Admin News, 1966, vol 2, pp 2502-2514). The proposed Statute of Limitations is repeatedly referred to as applying to actions for money damages based on contract. Nowhere is there an indication that subdivision (a) of section 2415 is to apply to any other type of action or that it was intended to effect a sweeping change in the general rule that limitation periods do not govern actions brought by the United States (cf. *United States v Kellum*, 523 F2d 1284). Moreover, the statute changes the established rule based on the ancient English common-law doctrine that "the statute of limitations does not run against the sovereign" (see *United States v 93 Ct. Corp.*, 350 F2d 386, cert den 382 US 984). It is an accepted rule of construction that a statute in derogation of the common law should be strictly construed (see *Thompson*

---

2. As a further illustration of the general recognition of the distinct difference between the purposes and legal concepts underlying the equitable action of foreclosure and the action at law to recover a money judgment we note that Real Property Actions and Proceedings Law (§ 1351, subds 1, 2) refers to the judgment of foreclosure and sale resulting from a foreclosure action not as a judgment for money damages on the bond or note but as a judgment directing sale of the mortgaged premises to satisfy the obligation which the mortgage secures. Also, Real Property Actions and Proceedings Law (§ 1301) restricts a mortgagee's right to bring a foreclosure action after having obtained a judgment in an action to recover any part of the mortgage debt (subd 1) and also restricts his right to bring an action on the mortgage debt after having instituted a foreclosure action (subd 3).

*v Thompson,* 218 US 611; 73 AM Jur 2d, Statutes, §§ 287, 288; McKinney's Cons Laws of NY, Book 1, Statutes, § 301, subd a).

Additional indicia that Congress did not intend title 28 (§ 2415, subd [a]) of the United States Code to govern foreclosure actions are found in section 2410, entitled "Actions affecting property on which United States has lien."[3] It is a general rule of construction that statutes *in pari materia* are to be construed together as though forming part of the same statute (McKinney's Cons Law of NY, Book 1, Statutes, § 221). Subdivision (c) of section 2410 demonstrates a legislative concern for protecting and preserving the rights of the United States under its governmental liens in the provisions which state that "[a] sale to satisfy a lien inferior to one of the United States shall be made subject to and without disturbing the lien of the United States," and that "[i]n any case where the debt owing the United States is due, the United States may ask, by way of affirmative relief, for the foreclosure of its own lien." Furthermore, while subdivision (c) of section 2410 imposes time limitations on the United States' right to redeem in cases where its lien is junior to that of another or the lien arises under the Internal Revenue Code, no time limits are provided with respect to the United States' right to bring an action to foreclose its liens or otherwise enforce its property interests. The expression of time limits with respect to the right of the United States to redeem and the omission of such limits with respect to its right to foreclose creates an inference that Congress intended to exclude time limitations with respect to foreclosure (see McKinney's Cons Laws of NY, Book 1, Statutes, § 240, *"expressio unius est exclusio alterius"*).[4]

---

3. Both sections are found in chapter 161 of title 28 of the United States Code.

4. On November 18, 1966, the Congress amended and re-enacted section 2410 by striking out subdivisions (a), (b) and (c) and inserting in lieu thereof new subdivisions (a), (b) and (c) (Public Law No. 89-719). The new subdivisions are essentially the same as the old, but the sentence containing the one-year limitation on the United States' right to redeem was changed by adding the 120-day limitation in cases in which the lien arises under the internal revenue laws. That section 2410 was re-enacted with little change less than four months after section 2415 was enacted on July 1, 1966 indicates that Congress did not consider section 2410 to have been affected by section 2415 and saw no need to alter it. Further, the fact that a change was made by addition of a 120-day limitation in certain cases indicates that the Legislature considered the question of limitation periods in relation to situations where the United States has rights under a lien and intended the limitation periods found in section 2410 to be the only limitations periods applicable to such situations. (It is a general rule of construction that a Legislature will be assumed to have known of existing statutes in enacting amendatory legislation [McKinney's Cons Laws of NY, Book 1, Statutes, § 191].)

Inasmuch as we have determined that the Statute of Limitations found in title 28 (§ 2415, subd [a]) of the United States Code does not govern actions by the United States to foreclose a mortgage, there is no need to address the other issues raised by the parties. The order should be reversed and the motion denied.

SIMONS, J. P., SCHNEPP, WITMER and MOULE, JJ., concur.

Order unanimously reversed, on the law, without costs, and motion denied.