**UNITED STATES of America, Appellee,**

v.

**Eugenia M. ALESSI, a/k/a Eugenia M. Nixon, and Thomas Croucher, Appellants.**

**No. 837, Docket 79–6008.**

United States Court of Appeals, Second Circuit.

Argued April 11, 1979.

Decided June 4, 1979.

Thomas Croucher, Nixon & Croucher, Canandaigua, N. Y., pro se and for appellant Alessi.

David Rothenberg, Asst. U. S. Atty., Rochester, N. Y. (Richard J. Arcara, U. S. Atty. for the Western District of New York, Buffalo, N. Y., Gerald J. Houlihan, Asst. U. S. Atty., Rochester, N. Y., of counsel), for appellee.

Before OAKES and GURFEIN, Circuit Judges, and PIERCE, District Judge.*

PER CURIAM:

Appellants Croucher and Alessi appeal from an order of the United States District Court for the Western District of New York, Harold P. Burke, Judge, granting summary judgment to the United States. The court found that appellants had not presented any genuine issue of material fact to defeat the Government's motion for the foreclosure and sale of property mortgaged to the Veterans Administration. Appellants argue that the order granting summary judgment should be reversed because the affidavit submitted by the Assistant United States Attorney was not made on personal knowledge as required by Fed. R.Civ.P. 56(e)[1] and therefore must be excluded.

Appellants object to six paragraphs in the Assistant United States Attorney's affidavit. Although it is true that there are certain statements in these paragraphs that do not appear to be made on personal knowledge[2] and hence are inadmissible, the

---

* Of the Southern District of New York, sitting by designation.

1. Rule 56. Summary Judgment
   (e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

2. One example of the paragraphs in question follows:
   5. That thereafter, it came to the attention of the Assistant United States Attorney then assigned to this case that the defendants, Lyle H. Edick and Joyce K. Edick had been adjudicated bankrupts upon petitions filed by them on this Court on May 26, 1969, and upon further inquiry it was learned that the trustee in said bankruptcies had, for a con-

entire affidavit need not be stricken. The district court judge was free to disregard the inadmissible paragraphs and consider the rest of the affidavit. *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578–79 (2d Cir. 1969), *citing* 6 *Moore's Federal Practice* ¶ 56.22[1], at 2817 (2d ed. 1965); *see also* 10 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2738, at 707–08 (1973).

▇ We affirm the order below because the district court properly granted summary judgment even without reference to the six challenged paragraphs. The question that Judge Burke resolved was a question of law: whether the statute of limitations had run, thus precluding the Government's foreclosure action. In the court below, the parties disputed none of the dates as a factual matter, only the legal effect of the actions taken. Appellants argued that the cause of action accrued at the time of default; the Government argued for the time of its election to foreclose, which was the initiation of suit. The judge had before him both the terms of the original bond and mortgage[3] and the dates of service. Because, by the terms of the agreement, the principal did not become due until the Government elected to accelerate and because appellants presented no facts suggesting an election prior to the initiation of suit,[4] the court was correct in granting summary judgment to the United States.

Accordingly, the order is affirmed.

---

sideration of $300.00, transferred all his right, title and interest in the subject real property to one Patricia A. Millerd in accordance with an order of Hon. Auston J. Donovan, Referee in Bankruptcy, dated March 16, 1972, although when this was discovered, the title search still showed no evidence that said conveyance had been recorded.

3. The Mortgage Bond provided in pertinent part:

The whole of the principal sum or any part thereof, and of any other sums of money secured by the mortgage given to secure this bond, shall, forthwith or thereafter, *at the option of the obligee*, become due and payable if default be made in any payment under this bond or upon the happening of any default or event which, by the terms of the mortgage given to secure this bond, shall entitle the mortgagee to declare the same, or any part thereof, to be due and payable; and all of the covenants, agreements, terms, and conditions of said mortgage are hereby incorporated herein with the same force and effect as if herein set forth at length. (Emphasis added.)

4. At oral argument before this court, appellant Croucher stated that he had recently located one Patricia Millerd, or Patricia Moody, as she was also known, who might be able to show that the mortgage was accelerated prior to the initiation of the foreclosure suit. Even if we were to consider this "evidence," however, it would not alter our decision. There is still no genuine issue of material fact as to whether the Government accelerated the principal before October 5, 1971 (six years before service on Alessi and Croucher, *see* 28 U.S.C. § 2415(a)). As indicated on Patricia Millerd's deed, she did not buy the property until March 24, 1972. Thus, any statement to Millerd would not be sufficient to accelerate the principal. Such acceleration must consist of either notice of election to the *mortgagor* or of some unequivocal overt act (such as initiating a foreclosure suit) manifesting an election in such a way as to entitle the mortgagor, if he desires, to discharge the principal of the mortgage. *See 446 West 44th Street, Inc. v. Riverland Holding Corp.*, 267 A.D. 135, 137, 44 N.Y.S.2d 766 (1943); *Blackmun v. Edison*, 31 Misc.2d 746, 221 N.Y. S.2d 411 (1961); 14 *Carmody-Wait* 2d § 92:38.