**UNITED STATES of America, Plaintiff,**

**v.**

**James C. COPPER, et al., Defendants.**

**No. C86–0160.**

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Sept. 14, 1988.

---

**4.** Catherine Drinker Bowen, *The Lion and the Throne, The Life and Times of Sir Edward Coke,*  p. 305 (1957).

Christa Brusen–Gomez, Sp.Asst. U.S.Atty., Small Business Admin., Cedar Rapids, Iowa, Gary Fox, Chief Counsel for Sp. Litigation, Small Business Admin., Washington, D.C., for plaintiff.

Gerald Sullivan, Brad Brady, Cedar Rapids, Iowa, for defendants James and Loretta Copper.

Gordon Gibson, Marion, Iowa, for defendant Farmers State Bank.

### ORDER

HANSEN, District Judge.

This matter is before the court on cross motions for summary judgment. Defendants James C. Copper and Loretta J. Copper filed their motion for summary judgment on September 29, 1987. Plaintiff United States of America filed its motion for summary judgment on October 14, 1987. A hearing was held on the cross motions for summary judgment on May 23, 1988, at which time the parties appeared by counsel and argued the pending motions. The court, having read the briefs filed by the parties and heard the arguments of counsel, enters the following order.

### Findings of Fact

1. James C. Copper and Loretta J. Copper executed a mortgage on February 27, 1975, for the purpose of securing the payment of a promissory note dated November 26, 1965.

2. Plaintiff sent a "Notice and Demand" to James C. Copper on August 25, 1975, declaring a default on the promissory note, demanding payment of money under the guarantee, and accelerating the principal amount due plus interest.

3. In September or October of 1975, James C. Copper and the plaintiff made alternative payment arrangements.

4. On October 6, 1975, a $300 payment was made to the Small Business Administration (SBA) by a check written on the account of a corporation called Douglas Systems, Inc. The check was signed by James C. Copper.

5. On December 10, 1976, when Mr. Copper was again in default, the SBA renewed its demand for payment in full.

6. The complaint in this matter was filed on November 26, 1986.

### Conclusions of Law

1. The court has jurisdiction over the subject matter and the parties to this litigation. 28 U.S.C. § 1345.

2. A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Kegel v. Runnels*, 793 F.2d 924, 926 (8th Cir.1986). Once the movant has properly supported its motion, the nonmovant "may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The nonmovant may not simply rest on the hope of discrediting the movant's evidence at trial. *Matter of Citizens Loan & Sav. Co.*, 621 F.2d 911, 913 (8th Cir.1980). "To preclude the entry of summary judgment, the nonmovant must show that, on an element essential to [its] case and on which [it] will bear the burden of proof at trial, there are genuine issues of material fact." *Noll v. Petrovsky*, 828 F.2d 461, 462 (8th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Although "direct proof is not required to create a jury question, ... to avoid summary judgment, 'the facts and circumstances relied upon must attain the dignity of substantial evidence and must not be such as merely to create a suspicion.'" *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir.1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 798,

88 L.Ed.2d 774 (1986) (quoting *Impro Products, Inc. v. Herrick*, 715 F.2d 1267, 1272 (8th Cir.1983), *cert. denied*, 465 U.S. 1026, 104 S.Ct. 1282, 79 L.Ed.2d 686 (1984)). In applying these standards, the court must give the nonmoving party the benefit of all reasonable inferences to be drawn from the evidence. *Krause v. Perryman*, 827 F.2d 346, 350 (8th Cir.1987).

The court agrees with the parties that this action can be decided by the application of appropriate law to the undisputed facts. Therefore, summary judgment of this matter is appropriate.

3. Plaintiff brings this action to foreclose a mortgage. Defendants insist that plaintiff's action is barred and must be dismissed.

Defendants' argument in support of their motion for summary judgment begins with the rule in Iowa that a mortgage foreclosure is impossible if the obligation on the underlying debt is extinguished or barred. *See Swartz v. Bly*, 183 N.W.2d 733, 738 (Iowa 1971) ("When the remedy on a debt is barred by the statute of limitations, the remedy on the mortgage given to secure the same is also barred.").

Defendants claim that plaintiff's action on the underlying guarantee is barred by 28 U.S.C. § 2415(a) which states in part:

[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon a contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues ...

*See United States v. Kurtz*, 525 F.Supp. 734, 740 (E.D.Pa.1981), *aff'd*, 688 F.2d 827 (3rd Cir.), *cert. denied*, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982) (an action to enforce a guarantee on a defaulted SBA loan is an action for money damages governed by 28 U.S.C. § 2415(a)). It is undisputed that the plaintiff failed to bring this action within six years after the right of action accrued. Therefore, defendants argue that, since plaintiff's action on the underlying guarantee is barred by 28 U.S.C. § 2415(a), plaintiff's action on the mortgage is also barred. *Swartz v. Bly*, 183 N.W.2d 733 (Iowa 1971).

■ In response, plaintiff argues that federal law, not state law, governs the timeliness of this foreclosure action. Generally, federal law governs issues involving the rights of the United States arising under nationwide federal programs. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979); *United States v. Kukowski*, 735 F.2d 1057, 1058 (8th Cir.1984). "However, whether federal law should adopt state law or fashion a nationwide federal rule depends upon a variety of considerations." *Kukowski*, 735 F.2d at 1058.

■ In fashioning the governing rule of law, a court may incorporate state law in certain situations. *Kimbell Foods*, 440 U.S. at 728–29, 99 S.Ct. at 1458–59. The choice between adopting a state rule or a uniform federal rule involves three primary concerns: (1) whether the federal program must be uniform in character throughout the nation; (2) whether the state law would frustrate specific objectives of the federal program; and (3) the extent to which the application of a federal rule would disrupt commercial relationships predicated on state law. *Id.* at 728–29, 99 S.Ct. at 1458–59. These concerns strike a balance between the need for a uniform federal rule and the equity of applying state rules of decision. Here, there is a federal interest in protecting the funds of the United States and in securing federal investments. *United States v. Victory Highway Village, Inc.*, 662 F.2d 488, 497 (8th Cir.1981).

The application of Iowa's rule, which bars the remedy on the mortgage when the remedy on the underlying debt is barred by the statute of limitations, would severely limit the effectiveness of the remedies available upon default of a federally held or insured loan. *Id.* at 498. In addition, allowing the application of the state rule in this matter would prevent uniformity in the administration of a federal lending program. The court finds that the Iowa rule is inapplicable to the SBA's foreclosure action against the property mortgaged by these defendants.

Finally, defendants argue that 28 U.S.C. § 2415(a) should be construed so as to bar plaintiff's mortgage foreclosure action. As noted above, that statute provides in part:

Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues....

28 U.S.C. § 2415(a). Clearly, this statute bars the government from bringing a civil action to enforce defendants' debt. However, the statute in no way limits the government's right to foreclose a mortgage given to secure said debt. As noted by the United States District Court for the Northern District of California,

Although § 2415 bars the government from bringing a civil action to enforce plaintiff's debt, the government still has lawful means of collecting the debt. "Statutes of limitations generally cut off the remedy without extinguishing the right" ... Section 2415(a) in particular cuts off the remedy of a civil action on a debt brought by the government, but leaves open many other means of enforcing the government's right. The government can proceed by administrative offset; it can assert offset as a defense in a civil action brought by the debtor; and it can foreclose on a mortgage securing the debt, *Cracco v. Cox*, 66 A.D.2d 447, 414 N.Y.S.2d 404 (1979).

*Gerrard v. U.S. Office of Educ.,* 656 F.Supp. 570, 574 (N.D.Cal.1987). Because the court concludes that the defendants have failed to establish that the plaintiff's foreclosure action is barred, defendants' motion for summary judgment shall be denied, and plaintiff's motion for summary judgment shall be granted.

### ORDER:

Accordingly, It Is Ordered:

1. Defendants' motion for summary judgment, filed September 29, 1987, is denied.

2. Plaintiff's motion for summary judgment, filed October 14, 1987, is granted. Plaintiff shall submit a proposed decree of foreclosure.