WESTNAU LAND CORP., Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, Defendant.

No. CV 90–3454.

United States District Court,
E.D. New York.

March 5, 1992.

Stim & Warmuth, P.C. by Joseph Stim, Huntington, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty., by William Young, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, Westnau Land Corp. ("plaintiff"), brings this action against defendant, United States Small Business Administration ("defendant" or "SBA"), pursuant to 28 U.S.C. § 2410 and § 1501(4) of the New York Real Property Actions and Proceedings Law, to quiet title on the premises known as 1279 Sycamore Avenue, Bohemia, Suffolk County, New York (the "premises"). The action was removed to this Court, pursuant to 28 U.S.C. §§ 1346(a), 1444, 1446, and 2410, by defendant, an agency of the United States, which holds a mortgage on the premises.

## BACKGROUND

The following material facts are not in dispute. On October 17, 1973, 423 Cooper

Road Corporation (the "corporation"), by its president, Dominick Marcotrigiano, executed and delivered a note to Manufacturers Hanover Trust Company/Suffolk, N.A. ("MHT") whereby the corporation promised to pay the sum of $300,000.00 plus interest at the rate of eleven percent per annum with interest and principal in the amount of $5,137.00 payable monthly, with the balance due on October 17, 1980. As collateral security for the payment of the note, Dominick and Frances Marcotrigiano (the "Marcotrigianos") executed, acknowledged, and delivered to MHT a guaranty whereby they guaranteed payment on the note made by the corporation. To secure the guaranty, the Marcotrigianos executed, acknowledged, and delivered to MHT a mortgage of $300,000.00 on the premises, which by its terms became due and payable in full on October 17, 1980.

On or about September 27, 1978, MHT assigned the note, guaranty, and mortgage to defendant. The assignment of mortgage was recorded in the office of the Suffolk County Clerk on October 19, 1978. On December 16, 1978, the Marcotrigianos transferred title to the premises by deed to plaintiff.

It is undisputed that no payments have been received by defendant after the transfer of the premises to plaintiff. However, plaintiff asserts that it "has [not] promised to make payments on account of said mortgage and, upon information and belief, the enforcement of said mortgage is barred by both the New York State statute of limitations as well as Section 2415, Title 28, United States Code." Complaint at 3. Plaintiff contends that, because the six-year statute of limitations period has run on the underlying obligation, defendant is precluded by 28 U.S.C. § 2415(a) ("§ 2415(a)") and § 213(4) of the New York Civil Practice Law and Rules ("CPLR § 213(4)") from foreclosing on the mortgage.

Defendant argues that there is no statute of limitations applicable to this federal mortgage lien and, moreover, that the United States Small Business Administration is not a suable federal agency. Additionally, defendant counterclaims for all money due and owing on the mortgage plus interest.

Currently, plaintiff moves: (1) to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to designate defendant as "United States Small Business Administration, an agency of the United States of America"; (2) pursuant to Rule 56(a) for a judgment based on the statute of limitations barring defendant and all others claiming under it from all claims for an estate in the premises; and, (3) for the dismissal of defendant's affirmative defenses and counterclaim pursuant to Rule 56(b). Defendant cross-moves to have plaintiff's action dismissed pursuant to Rule 56(b).

For the reasons that follow, plaintiff's motion to amend the complaint is granted, plaintiff's motions pursuant to subsections (a) and (b) of Rule 56 are denied, and defendant's motion pursuant to Rule 56(b) is granted.

## DISCUSSION

### A. *Plaintiff's Motion to Amend Complaint*

As stated, plaintiff seeks to amend its complaint to designate defendant as "United States Small Business Administration, an agency of the United States of America." Rule 15(a) of the Federal Rules of Civil Procedure directs that where leave of the court is required to amend a pleading, "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

In the case at bar, defendant does not oppose plaintiff's request. In this district, failure to serve and file papers in opposition to a motion allows this Court to grant that motion by default. Rule 3(b) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. Moreover, the Court can discern no reason for refusing plaintiff's request at this stage in the proceedings. *See* Fed.R.Civ.P. 15(a). Accordingly, the complaint is hereby amended to reflect the change sought by plaintiff.

**B.** *Section 2415(a) Does Not Bar Defendant from Foreclosing on the Mortgage*

 It is well settled that the United States is not subject to any statute of limitations unless Congress has expressly provided otherwise. *United States v. Summerlin,* 310 U.S. 414, 416–17, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *see also United States v. Podell,* 572 F.2d 31, 35 n. 7 (2d Cir.1978) (citation omitted). By its plain language, the six-year statute of limitations set out in § 2415(a) applies only to actions for *"money damages* brought by the United States." § 2415(a) (emphasis added). Indeed, the statute provides that "[n]othing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property." 28 U.S.C. § 2415(c). Thus, an action by the United States to foreclose a mortgage is not governed by § 2415(a). *United States v. Matthews,* No. CV 86–3645, 1988 WL 76567, at *1 (E.D.N.Y.1988) (McLaughlin, J.) (citation omitted); *see also United States v. Freidus,* 769 F.Supp. 1266, 1273 (S.D.N.Y.1991); *United States v. Copper,* 709 F.Supp. 905, 907 (N.D.Iowa 1988); *Curry v. United States Small Business Admin.,* 679 F.Supp. 966, 970 (N.D.Cal.1987); *Cracco v. Cox,* 66 A.D.2d 447, 414 N.Y.S.2d 404 (4th Dep't 1979).

In *Cracco,* the Fourth Department extensively examined § 2415(a) and acknowledged the "long-standing rule that the right to foreclose a mortgage securing a debt is distinct from the right to bring an action for money damages on the note or bond representing the debt." *Cracco,* 414 N.Y.S.2d at 405. In addition, the court stressed that "the right to foreclose survives [even] when an action on the debt is barred by the statute of limitations." *Id.,* 414 N.Y.S.2d at 406.[1]

Plaintiff argues that *Cracco* is at odds with *United States v. Alessi,* 599 F.2d 513 (2d Cir.1979) (per curiam). In *Alessi,* the United States made a motion for the foreclosure and sale of property that was mortgaged to the Veterans Administration. The district court granted summary judgment to the United States. For purposes of the motion before this Court, the appeal in *Alessi* was limited to the issue of whether the cause of action for foreclosure accrued at the time of the default or, as the government contended, at the time that the government elected to foreclose, *i.e.,* upon initiation of suit. *See id.* at 515.

The Second Circuit held that the United States' cause of action for foreclosure accrued at the time it elected to foreclose and, therefore, the action was timely. *Id.* at 515 & n. 4. The *Alessi* court's mere reference, in a footnote, to § 2415(a) does "not amount to a 'holding' that Section 2415(a) applies to all mortgage foreclosure actions." *Freidus,* 769 F.Supp. at 1274 (construing *Alessi* ). Thus, this Court finds that § 2415(a) does not bar defendant from seeking to foreclose on the mortgage at issue.

**C.** *Section 213(4) Does Not Bar Defendant from Foreclosing on the Mortgage*

 Plaintiff submits that defendant is bound by New York State's six-year statute of limitations period on mortgage foreclosure actions. *See* CPLR § 213(4). This argument is belied by the fact that the Supreme Court has "consistently held that federal law governs questions involving the rights of the United States arising under nationwide federal programs." *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979) (discussing priority of liens arising from federal lending programs and determining that the SBA "unquestionably perform[s] federal functions"); *see also*

---

**1.** Noting that "statutes *in pari materia* are to be construed together as though forming part of the same statute," the court stated, "Additional indicia that Congress did not intend 28 U.S.C. § 2415(a) to govern foreclosure actions are found in 28 U.S.C. § 2410, entitled 'Actions affecting property on which United States has

lien.' ... Section 2410(c) demonstrates a legislative concern for protecting and preserving the rights of the United States under its governmental liens...." *Cracco,* 414 N.Y.S.2d at 406–07 (citing various provisions of § 2410) (footnotes and internal citation omitted).

*United States v. John Hancock Mutual Life Ins. Co.*, 364 U.S. 301, 308, 81 S.Ct. 1, 6, 5 L.Ed.2d 1 (1960) ("the United States is not subject to local statutes of limitations").

"Where federal statutes or laws do not delineate these rights, the federal courts must 'fill the interstices of federal legislation according to their own standards.'" *Matthews*, 1988 WL 76567, at *1 (quoting *Kimbell Foods, Inc.*, 440 U.S. at 727, 99 S.Ct. at 1458 (citation omitted)). However, in discussing the very same issue as in the instant case, Judge McLaughlin stated, "[T]here is no vacuum to fill because the ancient rule that the United States is not subject to a limitations period clearly addresses the issue presented." *Id.* Therefore, § 213(4) does not bar defendant from seeking to foreclose on the mortgage.[2]

### CONCLUSION

For the aforesaid reasons, plaintiff's motion to amend its complaint is granted pursuant to Rule 15(a), plaintiff's motions pursuant to subsections (a) and (b) of Rule 56 are denied, and defendant's motion for summary judgment is granted pursuant to Rule 56(b).

SO ORDERED.

---

**2.** It is to be noted that in the case at bar, the assignment to defendant occurred before the expiration of the statutory period applicable to the assignor. Hence, the mortgage had value at the time it was assigned. *See Matthews*, 1988 WL 76567 at *1 (pointing out that if a mortgage were assigned after the statute of limitations period had expired against the assignor, the claim would be barred on the ground that it was worthless at the time it was assigned).