**UNITED STATES of America, Plaintiff,**

**v.**

**LaSALLE NATIONAL TRUST, as Successor Trustee for Lakeview Trust and Savings Bank, as Trustee of Trust Number 3631, Alfred H. Dohm, Sylvia R. Dohm, Unknown Owners and Non-Record Claimants, Defendants.**

No. 92 C 2868.

United States District Court, N.D. Illinois, E.D.

Dec. 7, 1992.

Carol A. Davilo, U.S. Attorney's Office, Chicago, IL, for U.S.

Robert A. Novelle, Serpico, Novelle, Dvorak & Navigato, Ltd., Chicago, IL, for defendants.

### ORDER

NORGLE, District Judge.

This matter comes before the court on cross-motions for summary judgment. For the following reasons, the defendants' motion is denied and the plaintiff's motion is granted.

### BACKGROUND

The United States is seeking, pursuant to the Illinois mortgage foreclosure law, Ill. Rev.Stat. ch. 110, ¶ 15–1101 *et seq.,* to foreclose on a mortgage securing the debt defendant owes on a United States Small Business Administration ("SBA") guaranteed loan. On April 26, 1976 Larson–Placko Service Co. borrowed $50,000 from Citizens Bank and Trust Company, and defendants Alfred H. Dohm and Sylvia R. Dohm (collectively, the "Dohms") executed a written Guaranty for payment of the promissory Note. Also on that date, the Dohms executed a Security Agreement and

---

Assignment of Interest in Land Trust, thus placing title to the real estate located at 420 East Center Street, Lake Bluff, Illinois in trust as the Lake View Trust and Savings Bank Trust Number 3631. The Note, Guaranty and Security Agreement were assigned by the bank to the SBA.

Larson–Placko Service Co. defaulted on the Note and the SBA accelerated the entire balance of the Note and made a demand on the Dohms for payment. The Dohms failed to make payment. Notwithstanding the Dohms' failure to pay, the government delayed enforcing its rights until April 30, 1992, when it filed the present action. The Dohms, in the meantime, had the economic use and value of the principal.

By order dated August 6, 1992, this court determined that, though 28 U.S.C. § 2415(a) bars the government from enforcing the Note and Guaranty on the defaulted loans, *United States v. Vanornum*, 912 F.2d 1023, 1025 (8th Cir.1990), the government could still foreclose on the mortgage given to secure that debt, *United States v. Copper*, 709 F.Supp. 905, 908 (N.D.Iowa 1988). It is thus not disputed that the government is barred from seeking a monetary judgment under the Note or Guaranty. The government, however, seeks to recover the full principal and interest balance of the loan from the security interest in the real property, and does not seek a deficiency judgment against the guarantors personally. In spite of this, on September 22, 1992 the defendants filed a motion for summary judgment to bar the government from recovering interest under the security agreement, which fails on its face to specifically provide for interest or an interest rate. The United States filed a cross-motion for summary judgment claiming it is entitled to a judgment of foreclosure as a matter of law. Accordingly, the government claims that the most recent statement of account shows the amount due and owing on the Note to equal $40,-200.29 plus accrued interest in the amount of $48,581.50 as of December 10, 1991, with interest accruing thereafter at a rate of $11.29 per day.

## DISCUSSION

The court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The underlying facts are not disputed. The defendants concede the execution of the Note, Guaranty, Security Agreement and Assignment of Interest in Land Trust. That the SBA is the present holder and owner of these instruments is also conceded. As a result, the existence of an obligation secured by a mortgage and a default on that obligation are irrefutably established. The only issue remaining is whether the government can recover both principal and interest upon foreclosure of the real property. The case is consequently ripe for summary judgment.

The court agrees with the government that foreclosure is not limited to the amount of principal only. The security agreement is a separate instrument with legal significance. It establishes security for an entire debt and provides a remedy distinguishable from a remedy on the debt instruments themselves. The security agreement and assignment of interest in Land Trust give the government a separate right in the property allowing it to receive the proceeds of a sale of the property for recovery of the full amount due and owing it. The government would not be fully compensated without recovery of interest on the obligation.

Furthermore, the security agreement refers to the promissory Note and incorporates it therein as would any reference to an outside document for purposes of establishing an interest rate. The security agreement recites that it is securing the indebtedness evidenced by the promissory Note, and the indebtedness evidenced by the Note includes interest on the loan. As a result, the court can ascertain interest on the underlying obligation from the Note and can allow recovery for the total obligation on which the defendants are in default.

That the government can recover all money due and owing on a mortgage, plus interest, is supported by the case of *Westnau Land Corp. v. United States Small Business Admin.*, 785 F.Supp. 41 (E.D.N.Y.1992) and the case of *United States v. Copper*, 709 F.Supp. 905 (N.D.Iowa 1988). Though these district courts did not directly address this precise issue, both courts granted the government's motion for summary judgment where the government sought to recover the principal due and owing on the mortgage plus interest. Both courts allowed the foreclosure to proceed despite the running of the statute of limitations on the enforceability of the underlying debt. *Westnau*, 785 F.Supp. at 42, 44; *Copper*, 709 F.Supp. at 906, 908.

In summary, the government can maintain an action to foreclose on the security interest with respect to the sum which is in default. Thus, the government can foreclose on the security agreement in the amount of the principal and the interest provided in the Note.

## CONCLUSION

For the reasons stated above, the court denies defendants' motion for summary judgment and grants the United States's motion for summary judgment. The United States shall submit a proposed decree of foreclosure.

IT IS SO ORDERED.