**WESTNAU LAND CORP.,**
Plaintiff–Appellant,

v.

**U.S. SMALL BUSINESS ADMINISTRATION, as an agency of the United States of America, Defendant–Appellee.**

No. 459, Docket 92–6095.

United States Court of Appeals,
Second Circuit.

Argued Nov. 12, 1992.

Decided July 28, 1993.

Joseph D. Stim, Huntington, NY (Paula J. Warmuth, Stim & Warmuth, P.C., of counsel), for plaintiff-appellant.

William Young, Sp. Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY (Andrew J. Maloney, U.S. Atty. E.D.N.Y., Robert L. Begleiter, Asst. U.S. Atty. for E.D.N.Y., of counsel), for defendant-appellee.

Before: NEWMAN, CARDAMONE, and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

Plaintiff-appellant Westnau Land Corporation ("Westnau") appeals from a judgment entered March 9, 1992 in the United States District Court for the Eastern District of New York, Leonard D. Wexler, *Judge,* that denied Westnau's motion for summary judgment and granted summary judgment in favor of cross-movant, defendant-appellee United States Small Business Administration

(the "SBA") dismissing Westnau's action. Westnau brought suit pursuant to 28 U.S.C. § 2410 (1988 & Supp. II 1990) and N.Y. Real Prop.Acts. Law ("RPAPL") § 1501(4) (McKinney 1979), to quiet title to a parcel of property subject to a mortgage held by the SBA on the basis that enforcement of the mortgage was barred by 28 U.S.C. § 2415(a) (1988), or alternatively by N.Y.Civ.Prac.L. & R. ("CPLR") 213(4) (McKinney 1990).

We affirm the judgment of the district court.

### Background

The following material facts are not in dispute, and are set forth in the parties' submissions as well as the district court's memorandum decision and order. *See West-nau Land Corp. v. United States Small Business Admin.,* 785 F.Supp. 41 (E.D.N.Y. 1992).

On October 17, 1973, 423 Cooper Road Corporation, through its president, Dominick Marcotrigiano, executed and delivered a promissory note (the "Note") in the amount of $300,000 to Manufacturers Hanover Trust Company/Suffolk, N.A. ("MHT"). Interest on the Note was to be calculated at eleven per cent per annum and was to be repaid, along with principal, at a rate of $5,137 per month, the balance falling due on October 17, 1980. Marcotrigiano and his wife provided a guaranty (the "Guaranty") of the Note to MHT. The Guaranty was secured by a mortgage (the "Mortgage") in favor of MHT on five parcels of land, including 1279 Sycamore Avenue, Bohemia, New York (the "Property"), the subject of the instant action.

On or about September 27, 1978, MHT assigned the Note, the Guaranty, and the Mortgage to the SBA. The assignment was recorded in the office of the Suffolk County Clerk on October 19, 1978. On December 16, 1978, the Marcotrigianos conveyed the Property by deed to Westnau. This conveyance was allegedly made without notice to the SBA. It was undisputed below, and remains undisputed here, that no payments have been made to the SBA since the transfer of the Property to Westnau.

On September 10, 1990, Westnau commenced an action in the Supreme Court of the State of New York, Suffolk County, pursuant to 28 U.S.C. § 2410[1] and RPAPL § 1501(4)[2] to quiet title to the Property. The SBA removed the action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1444 (1988), where it interposed, in its answer to Westnau's complaint, a counterclaim seeking to foreclose the Mortgage on the Property.

In the district court, Westnau maintained that the SBA was precluded from bringing a foreclosure suit because the six year statute of limitations provided in 28 U.S.C. § 2415(a) (1988) for actions by the United States "for money damages ... which [actions are] founded upon any contract expressed or implied in law or fact" governed the SBA's rights under the Note, Guaranty, and Mortgage, and had expired. Alternatively, Westnau contended, if the court found § 2415 inapplicable, it should borrow New York's six year statute of limitations for foreclosure actions set forth in CPLR 213(4)[3] and similarly

---

**1.** Section 2410(a) provides in pertinent part:

[T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
(1) to quiet title to ...
real or personal property on which the United States has or claims a mortgage or other lien.

**2.** Section 1501(4) provides in pertinent part:

Where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose a mortgage ... has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown,

... to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom.... In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.

**3.** CPLR 213(4) provides in pertinent part:

The following actions must be commenced within six years:

\* \* \* \* \* \*

4. an action upon a bond or note, the payment of which is secured by a mortgage upon

find the SBA powerless to foreclose on the Property.

The district court rejected these contentions, finding § 2415(a) inapplicable to an action by the SBA to foreclose upon a mortgage, and declining to apply a state statute of limitations in light of *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979), and *United States v. John Hancock Mutual Life Insurance Co.*, 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960). *Westnau*, 785 F.Supp. at 43–44. The court accordingly granted the SBA's cross-motion for summary judgment dismissing Westnau's complaint, and denied Westnau's motion for summary judgment. *Id.* at 44. The SBA's counterclaim was thereafter dismissed by stipulation of the parties, without prejudice, pursuant to Fed.R.Civ.P. 41(c).

This appeal followed.

### Discussion

We note at the outset that we review summary judgment determinations of a district court *de novo. See, e.g., Sure–Snap Corp. v. State St. Bank & Trust Co.*, 948 F.2d 869, 872 (2d Cir.1991); *H.L. Hayden Co. v. Siemens Medical Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir.1989). Summary judgment is appropriate when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992); *see also* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

On appeal, Westnau contends that the district court erred both in its interpretation of § 2415 and in its refusal to apply New York State's statute of limitations. We address each issue in turn.

### A. *Applicability of § 2415.*

■ Section 2415(a) provides in pertinent part:

[E]very action for *money damages* brought by the United States or an officer

real property, or upon a bond or note and mortgage so secured, or upon a mortgage of

or agency thereof which is *founded upon any contract express or implied in law or fact,* shall be barred unless the complaint is filed within six years after the right of action accrues.... (Emphasis added.)

The statute further provides that: "Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property." ·28 U.S.C. § 2415(c) (1988).

Westnau contends that because a mortgage foreclosure is in substance the collection of money damages by selling the security for the underlying contractual obligation, to treat a foreclosure as anything other than the equivalent of an action at law for "money damages" within the meaning of § 2415(a) is to elevate form over substance. Westnau accordingly urges that the statute's reference to "money damages" be construed as applicable to a foreclosure action by the SBA. In Westnau's view, policies of repose, as well as concerns regarding the loss of memory and the destruction of evidence that underlie all statutes of limitation, would be frustrated were the federal government permitted to foreclose upon a mortgage long after the underlying obligation is itself time-barred.

Insofar as we can ascertain, the first decision to address the question whether § 2415(a) applies to foreclosure actions by the federal government was *Cracco v. Cox*, 66 A.D.2d 447, 414 N.Y.S.2d 404 (4th Dep't 1979). *Cracco* answered this question in the negative, stating that:

Federal and New York case law establishes that the right to foreclose a mortgage lien on property given to secure a debt which has not been discharged exists independently of the right to bring an action for money damages on the note and that, under common law, the holder of a note and mortgage may proceed either at law to recover on the bond or in equity to foreclose the mortgage (*Ober v. Gallager*, 93 U.S. 199 [23 L.Ed. 829]; *Gilman v. Illinois and Mississippi Telegraph Co.*, 91 U.S. 603 [23 L.Ed. 405]; *Seamen's Bank for Savings v. Smadbeck*, 293 N.Y. 91 [56

real property, or any interest therein....

N.E.2d 46]; *First Nat. Bank and Trust Co. of Walton v. Eisenrod,* 263 App.Div. 227, 228 [32 N.Y.S.2d 641]; 38 N.Y.Jur., Mortgages and Deeds of Trust, § 293). Indeed, the right to foreclose survives when an action on the debt is barred by the Statute of Limitations (*Union Bank of La. v. Stafford,* 53 U.S. [ (12 How.) ] 327, 340–41 [13 L.Ed. 1008]; *Hulbert v. Clark,* 128 N.Y. 295 [28 N.E. 638] see 2 Glenn, Mortgages [1943], § 141; 1 Wiltsie, Mortgage Foreclosure [5th ed.1939], § 73; cf. *Evans v. Pike,* 118 U.S. 241, 246 [6 S.Ct. 1090, 1091, 30 L.Ed. 234].

66 A.D.2d at 449, 414 N.Y.S.2d at 405–06 (alterations in original). *Cracco* accordingly reversed a lower court decision that had quieted title in favor of a property owner on the basis that the government's right to foreclose its mortgage on the property was barred by § 2415(a). 66 A.D.2d at 448–49, 452, 414 N.Y.S.2d at 405, 407.

The federal courts that have subsequently addressed this issue agree with *Cracco. See United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1489 (9th Cir.1993) (foreclosure action by federal government not subject to limitations bar of § 2415(a)); *United States v. Ward,* 985 F.2d 500, 501–03 (10th Cir.1993) (same) (citing district court opinion in *West-nau* ); *United States v. Succession of Siddon,* 812 F.Supp. 674, 675–76 (W.D.La.1993) (same); *United States v. LaSalle Nat'l Trust,* 807 F.Supp. 1371, 1372–73 (N.D.Ill. 1992) (same); *United States v. Mr. Wonderful Enters.,* No. 90–CV–3227 (DRH), slip op. at 5, 1992 WL 521532 (E.D.N.Y. Feb. 25, 1992) (same); *United States v. Freidus,* 769 F.Supp. 1266, 1273–74 (S.D.N.Y.1991) (same); *United States ex rel. Small Business Admin. v. Edwards,* 765 F.Supp. 1215, 1222 (M.D.Pa. 1991) (same); *United States v. Copper,* 709 F.Supp. 905, 908 (N.D.Iowa 1988) (same); *United States v. Matthews,* 1988 WL 76567, at *1 (E.D.N.Y. Jul. 13, 1988) (same); *Curry v. United States,.* 679 F.Supp. 966, 970 (N.D.Cal.1987) (same); cf. *Gerrard v. United States Office of Educ.,* 656 F.Supp. 570, 573–75 (N.D.Cal.1987) (§ 2415(a) does not bar application of plaintiff's federal tax refunds to pay government claim against plaintiff that is barred by limitations).

■ These rulings accord with the plain meaning of § 2415(a), and thus accomplish the primary task of statutory construction. *See Connecticut Nat'l Bank v. Germain,* —— U.S. ——, ——, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("courts must presume that a legislature says in a statute what it means and means in a statute what it says"); *Ardestani v. INS,* —— U.S. ——, ——, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991) (strong presumption that plain language of statute expresses congressional intent). The key language of § 2415(a), "an action for money damages," is not normally considered to comprehend an equitable action of foreclosure. Indeed, under New York law, a creditor is required to elect between the remedies of an action for money damages on a debt or an equitable action to foreclose a mortgage that secures the debt. *See, e.g., First Fidelity Bank, N.A. v. Best Petroleum, Inc.,* 757 F.Supp. 293, 296 (S.D.N.Y.1991) (citing RPAPL § 1301 and *Copp v. Sands Point Marina,* 17 N.Y.2d 291, 293, 217 N.E.2d 654, 655, 270 N.Y.S.2d 599, 600 (1966)); *Wyoming County Bank & Trust Co. v. Kiley,* 75 A.D.2d 477, 480, 430 N.Y.S.2d 900, 902 (4th Dep't 1980).

■ A number of the federal court decisions construing § 2415(a) as inapplicable to foreclosure actions invoke the settled rule that "the United States is not bound by a statute of limitations unless Congress has explicitly expressed one." *Ward,* 985 F.2d at 502 (citing *United States v. John Hancock Mut. Life Ins. Co.,* 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960)); *see also Freidus,* 769 F.Supp. at 1271; *Matthews,* 1988 WL 76567, at *1; cf. *Capozzi v. United States,* 980 F.2d 872, 875 (2d Cir.1992); *United States v. Podell,* 572 F.2d 31, 35 n. 7 (2d Cir.1978) (citing *United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940)); *United States v. 93 Court Corp.,* 350 F.2d 386, 388 (2d Cir.1965), *cert. denied,* 382 U.S. 984, 86 S.Ct. 560, 15 L.Ed.2d 473 (1966). Accordingly, statutes of limitations such as § 2415(a) " 'must receive a strict construction in favor of the Government.' " *Badaracco v. Commissioner,* 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984) (quoting *E.I. du Pont de Nemours & Co. v. Davis,* 264 U.S.

456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924)).

Westnau notes that under New York law, an action to foreclose a mortgage establishes neither title nor the right of possession. Accordingly, Westnau contends, because subsection (c) of § 2415 provides that nothing in the statute "shall be deemed to limit the time for bringing an action to establish title to, or right of possession of, real ... property," application of the maxim *expressio unius est exclusio alterius* compels the conclusion that § 2415(c) excludes foreclosure actions from the exception that subsection (c) provides to § 2415(a), thereby bringing such actions within the compass of § 2415(a). This is a very convoluted approach to ascertaining the meaning of the straightforward statutory language "action[s] for money damages," § 2415(a), and we reject the argument. *Gerrard* rebuffed a similar contention addressed to § 2415(a), stating:

> The maxim *expressio unius est exclusio alterius* ... is only an aid to statutory construction, not a rule of law. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.), cert. denied, [476] U.S. [1159], 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The controlling consideration is legislative intent. *Id.* Since "[n]ot every silence is pregnant," *expressio unius* is an uncertain guide to interpretation. *Illinois Dep't of Pub. Aid v. Schweiker*, 707 F.2d 273, 277 (7th Cir.1983).

656 F.Supp. at 573–74; *see also Pauley v. Bethenergy Mines, Inc.,* —— U.S. ——, ——-——, 111 S.Ct. 2524, 2537–38, 115 L.Ed.2d 604 (1991); *Burns v. United States,* —— U.S. ——, ——, 111 S.Ct. 2182, 2186, 115 L.Ed.2d 123 (1991); *United States v. Azeem,* 946 F.2d 13, 17 (2d Cir.1991).

Finally, Westnau argues that *United States v. Alessi*, 599 F.2d 513, 515 & n. 4 (2d Cir.1979) (per curiam), determines that § 2415(a) applies to mortgagee foreclosure actions. *Alessi*, however, provides only a footnote reference to § 2415(a) in the course of ruling that a limitations bar against a foreclosure action commenced to run when the federal government, as mortgagee, elected to foreclose by initiating suit. *See also United States v. Alvarado*, 1991 WL 254412,

at *2 (M.D.Fla. Oct. 17, 1991) (measuring limitations period from notice of election to foreclose, citing *Alessi* ), *appeal docketed*, No. 91–4186 (11th Cir. Dec. 16, 1991); *cf. Dos Cabezas*, 995 F.2d at 1490 (§ 2415(a) limitations period applicable to action to recover deficiency judgment following foreclosure on a deed of trust). Application of the *Alessi* holding here, of course, would be of no benefit to Westnau, since the government never made any election to foreclose prior to the initiation of this lawsuit by Westnau.

Further, the question whether § 2415(a) applies in foreclosure actions was not specifically addressed in *Alessi*, which ruled that the foreclosure action was timely, so the footnote reference to § 2415(a) "did not amount to a 'holding' that Section 2415(a) applies to all mortgage foreclosure actions." *Freidus*, 769 F.Supp. at 1274; *see also Westnau*, 785 F.Supp. at 43. *Alessi* therefore provides no basis for us to depart from the virtually unanimous federal authority ruling that § 2415(a) does not apply to mortgage foreclosure actions by the United States.

### B. *Applicability of New York Law.*

■ Invoking *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979), Westnau contends that the district court improperly failed to adopt the New York six year statute of limitations provided by CPLR 213(4) for foreclosure actions and actions on an underlying bond or note, *see supra* note 3, to resolve the instant dispute. *Kimbell Foods* addressed the issue "whether contractual liens arising from certain federal loan programs take precedence over private liens, in the absence of a federal statute setting priorities." 440 U.S. at 718, 99 S.Ct. at 1453. The Court observed:

> This Court has consistently held that federal law governs questions involving the rights of the United States arising under nationwide federal programs. As the Court explained in *Clearfield Trust Co. v. United States*, [318 U.S. 363, 366–67, 63 S.Ct. 573, 575, 87 L.Ed. 838 (1943)]:
> "When the United States disburses its funds or pays its debts, it is exercising a constitutional function or power.... The authority [to do so] had its origin in

the Constitution and the statutes of the United States and was in no way dependent on the laws [of any State]. The duties imposed upon the United States and the rights acquired by it ... find their roots in the same federal sources. In the absence of an applicable Act of Congress it is for the federal courts to fashion the governing rule of law according to their own standards." (Citations and footnote omitted.)

*Id.* at 726, 99 S.Ct. at 1457 (alterations of *Clearfield Trust* quotation in original).

The Court went on to rule, however, that the appropriate federal rule might be fashioned by resort to state law in the absence of a federal statutory standard. *Id.* at 727–28, 99 S.Ct. at 1457–58. After reviewing the relevant considerations, the Court concluded that the balance should be struck against "altering settled commercial practices" established by state law, *id.* at 739–40, 99 S.Ct. at 1464–65, and held that *"absent a congressional directive,* the relative priority of private liens and consensual liens arising from these Government lending programs is to be determined under nondiscriminatory state laws." *Id.* at 740, 99 S.Ct. at 1465 (emphasis added).

Here, however, applying *Kimbell Foods* and *Clearfield Trust* by their own terms, we do not reach the question whether to look to New York law to fashion an interstitial statute of limitations for foreclosure actions by the government. As the district court stated: " '[T]here is no vacuum to fill because the ancient rule that the United States is not subject to a limitations period clearly addresses the issue presented.' " *Westnau,* 785 F.Supp. at 44 (quoting *Matthews,* 1988 WL 76567, at *1). In this case, furthermore, there *is* a pertinent congressional directive, § 2415. The fact that § 2415 provides a different rule from CPLR 213(4) does not mean that there is a federal vacuum that should be filled by resort to state law, but rather that the acknowledged federal interest in the "rights of the United States arising under nationwide federal programs," *Kimbell Foods,* 440 U.S. at 726, 99 S.Ct. at 1457, should be determined by application of the statutory rule provided by Congress.

Finally, we reject Westnau's claim that *FDIC v. Roldan Fonseca,* 795 F.2d 1102 (1st Cir.1986), and *United States v. Crain,* 589 F.2d 996 (9th Cir.1979), call for a different result. In *Roldan Fonseca,* the First Circuit declined to decide whether the limitations bar of § 2415(a) applied to a mortgage foreclosure action by the FDIC, 795 F.2d at 1109 (citing *Cracco*), noting that the action was timely under both federal and local law. *Id. Crain* did not involve a limitations issue. That case permitted the assertion of a state law defense, in a suit by the United States against guarantors of an SBA loan, that allowed a guarantor to require that a creditor act to protect the value of security provided by the principal debtor. 589 F.2d at 1000.

### Conclusion

The judgment of the district court is affirmed.