United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———

No. 06-60470
Summary Calendar

———

PAUL H. LEWIS & SHELIA A. LEWIS,

Plaintiffs-Appellants,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE/
FARM SERVICE AGENCY,

Defendant-Appellee.

———

Appeal from the United States District Court
for the Northern District of Mississippi

———

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the district court's grant of summary judgment to the United States

Department of Agriculture-Farm Service Agency ("FSA") and partial grant of summary judgment to

Paul and Shelia Lewis (the "Lewises"). We affirm the district court's judgment.

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 1987, the Lewises' executed two farm loans with FSA, formerly the Farmers Home Administration, for their catfish operation. Loan 44-05, due January 1, 1988, had a face value of $101,000.00 bearing 7.5 % interest. Neither party contests that all applicable statutes of limitations have run on Loan 44-05. Loan 44-06, due in sixteen annual installments of $6,760.00, had a face value of $72,591.38 bearing 4.5 % interest. Loan 44-06 contained an optional acceleration clause, which stated that "the government at its option may declare all or any part of any such indebtedness immediately due and payable." The Lewises missed the first two payments for Loan 44-06, due on January 1, 1988, and January 1, 1989. In response, on June 14, 1989, the FSA sent an Attachment 9 notice under 7 C.F.R. § 1951.907(f)(3), entitled "Notification of Intent to Accelerate or Continue Acceleration of Loans and Notice of Your Rights" (the "Notice"). The Notice advised them of the amount overdue , $87,267.45, and right to apply for loan service programs. The Notice also stated that FSA sent the Lewises a copy of an Attachment 1 notice on November 11, 1988, which notified them of the overdue debt and provided information about farm loan programs. In 1994, FSA received $1,835.00 from the income tax refund of Shelia Lewis pursuant to the administrative offset allowed in § 1951.121-124. In October 2003, the FSA Mississippi State Settlement Review Committee reviewed Loan 44-06 and recommended to classify the loan as "currently not collectible." The Settlement Review Committee then certified the loans to the Treasury Department for offset pursuant to 31 U.S.C. §§ 3711 and 3716 because an investigation revealed no assets available to satisfy a judgment lien. On April 22, 2004, the Treasury Department transferred the Lewises' delinquent account to a private collection agency.

The Lewises' filed suit seeking to enjoin the FSA from collecting on the two farm loans. They also sought a declaratory judgment that the statutes of limitations had run for regular collection and administrative offset. FSA conceded that the statutes of limitations had run on Loan 44-05 and both parties moved for summary judgment on the remaining issues. The district court granted in part and denied in part the Lewises' motion for summary judgment and granted FSA's motion for summary judgment. The court reasoned that the six year statute of limitations under 28 U.S.C. § 2415(a) prevented collection on the installments due from January 1, 1988, to January 1, 2000; and the ten year statute of limitations under 31 U.S.C. § 3716(e) prevented collection on the installments due from January 1, 1988, to January 1, 1996. FSA could still collect payment, however, on all installments due after these dates. Accordingly, the district court enjoined FSA from attempting to collect on the time-barred installments. The Lewises timely appealed the district court's judgment, arguing that the statutes of limitations for Loan 44-06 began to run against the entire debt at the time of their default on the first scheduled payment.

## II. STANDARD OF REVIEW

We review de novo the district court's grant of summary judgment, applying the same legal standards as the district court. *Machinchick v. P.B. Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). In deciding a motion for summary judgment, the court must determine whether the submissions show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hart v. Hariston*, 343 F.3d 762, 764 (5th Cir. 2003). In deciding whether a fact issue has been created, the facts and inferences must be reviewed in the light most favorable to the nonmoving party. *Reeves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

3

If a borrower defaults on his farm loan, the FSA implements a collection process set forth in 7 C.F.R. § 1951.907(a)-(h). These regulations determine the type of notice sent to the borrower based on the status of the loan. In this case, the FSA determined that § 1951.907(f) applied because the Lewises' payments were more than 180 days delinquent and not yet accelerated by the agency. The Lewises do not dispute this assertion. Attachments 1 and 2 notices inform borrowers of an outstanding debt and about loan service programs. To apply for the loan service programs, the borrower must complete an application within forty-five days after receipt of Attachments 1 and 2 notices. If the borrower fails to respond in a timely manner or submits an incomplete form, and the FSA has not accelerated the account, then the agency sends an Attachment 9 notice pursuant to § 1951.907(h)(2). An Attachment 9 notice includes the amount of the borrower's debt and provides options to avoid loan acceleration. An Attachment 9 notice also states that FSA will accelerate the borrower's farm loans but does not indicate acceleration and makes no demands for payment.

The collection of farm loans are subject to two statutes of limitations: 28 U.S.C. § 2415 and 31 U.S.C. §3716. Section 2415 reads that actions for money damages brought by the United States "shall be barred unless the complaint is filed within six years after the right of the action accrues . . . . The provisions of this section shall not prevent the United States or an officer or agency thereof from collecting any claim of the United States by means of administrative offset, in accordance with section 3716 of Title 31." 28 U.S.C. § 2415(a) & (i). Section 3716 prevents the administrative offset of "a claim under this subchapter that has been outstanding for more than 10 years . . . ." 31 U.S.C. § 3716(e)(1). The applicable regulations define "outstanding" under this subchapter the same as "accrue" under § 2415(a). 31 C.F.R. § 901.3.

4

The Lewises argue that their default on the first installment triggered the limitations period under § 2415(a). We address the issues of whether the statutes run on each installment as payment becomes due or on the entire debt amount after default on one installment. We also determine whether FSA's actions and conduct amount to acceleration of Loan 44-06 even though FSA never sent notice of acceleration.

The Fifth Circuit has not ruled on these issues in the context of installment government loans when the debtor never made any payments. *See United States v. Bloom*, 112 F.3d 200, 204-05 (1997). The Lewises cite *SMS Fin., LLC v. ABCO Homes, Inc.*, 167 F.3d 235 (5th Cir. 1999), and *FDIC v. Belli*, 981 F.2d 838 (5th Cir. 1993), for the proposition that their default on the first scheduled payment, January 1, 1988, triggered the statute of limitations as to the entire debt amount. *SMS* and *Belli* are distinguishable from the instant case. In *SMS*, the parties agreed that the statute of limitations ran against the entire debt on the maturation date. The case primarily dealt with whether the plaintiff received the benefit of a tolling provision under § 2415(a). 167 F.3d at 242. In *Belli*, a bank demanded full payment under two guarantees and a promissory note. 981 F.2d at 839. The following year, the FDIC was appointed receiver of the Bank, and in its corporate capacity, the FDIC purchased the notes and continuing guarantees. *Id.* The FDIC filed suit more than six years later, seeking to recover the outstanding balance on the promissory note, as well as the amount due on the continuing guarantees. *Id.* The court held that the FDIC's claims were time barred, reasoning that

> Neither the FDIC nor the opinions on which it relies point to authority for the proposition that a transfer from one party to another of a cause of action that has already accrued somehow effects a new accrual for purposes of § 2415(a). To the contrary, the ordinary usage of the term "accrues" is that a cause of action "accrues"

5

> when "it comes into existence." Assignment of a cause of action that has already accrued does not ordinarily re-commence the limitations period.

*Id.* at 840. In this case, the district court relied upon the Ninth Circuit's holding in *United States v. Dos Cabezas Corp.*, 995 F.2d 1486 (9th Cir. 1993). The *Dos Cabezas* court concluded that a creditor may not hold a debtor liable on future installments when the contract contains an optional acceleration clause. Therefore, "unless the creditor exercises the option, the statute of limitations applies to each installment separately, and does not begin to run on any installment until it is due." *Dos Cabezas Corp.*, 995 F.2d at 1490 (citations omitted).

The Lewises argue that *Dos Cabezas* runs afoul of Fifth Circuit precedent. We read *Dos Cabezas* and *Belli* as pronouncing consistent statements of law. The FSA did not receive this debt from a third party after acceleration. Here, the debt arose from a contractual loan agreement between the Lewises and the FSA, and the FSA never accelerated Loan 44-06 pursuant to the governing regulations. This reasoning comports with the interpretation of § 2415(a) from other Circuits in the context of federal installment contracts. *See*, *e.g.*, *Elephant Butte Irr. Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602 (10th Cir.1998); *Bd. of Trs. of Dist. No. 15 Machinists' Pension Fund v. Kahle Eng'g Corp.*, 43 F.3d 852 (3rd Cir.1994); *United States v. Feterl*, 849 F.2d 354, 356 (8th Cir.1988); *Trs. for Alaska Laborers-Construction Inds. Health and Sec. Fund v. Ferrell*, 812 F.2d 512 (9th Cir.1987); *United States v. Alessi*, 599 F.2d 513, 515 (2d Cir.1979). Accordingly, we hold that the statutes of limitations in § 2415(a) and § 3716(e)(1) run from the due date of each installment.

Alternatively, the Lewises argue that the Notice dated June 13, 1989, demonstrates acceleration of Loan 44-06, and thus, it triggered the statutes of limitations as to the entire debt

6

amount on both loans. The Notice informed the Lewises that they were $87,267.45 in arrears on the two government loans. This calculation includes the entire amount of Loan 44-05 and the two delinquent installments of Loan 44-06. The Notice sent to the Lewises indicates that FSA will accelerate the loan unless the borrower pays his outstanding loan amount, lists servicing options, provides steps to be taken to avoid acceleration, and gives information about what will happen if the borrower does not respond to the notice. The form reads that "if you do not respond to this notice . . . FmHA will accelerate or continue acceleration of any loans . . . ." The requisite acceleration notice under 1955(d)(2), on the other hand, contains unequivocal language stating "Notice of Acceleration of Your Debt to the Farmers Home Administration and Demand for Payment of that Debt." The plain language of the regulations directing the sequence of collection notices, and the FSA's compliance with the regulations, do not indicate that the agency accelerated Loan 44-06 at any point in time. Therefore, the ten-year statute of limitations for administrative offsets applied to the installments as they became due.

## Conclusion

Loan 44-06 required the Lewises to pay annual installments over a period of sixteen years. The six-year statute of limitations for money damages, pursuant to § 2415(a), has run for installments due between January 1, 1988, and January 1, 2000. The ten-year statute of limitations for administrative offsets, pursuant to § 3716(e), has run for installments due between January 1, 1988, and January 1, 1996. For the foregoing reasons, we affirm the district court's judgment.